## Commonwealth v. McIlvaine

*Louis A. Bloom,* assistant district attorney, for Commonwealth.

*David Hurwitz,* p. p.

MACDADE, J., March 2, 1936.—Defendant is a merchant in the City of Chester. According to information lodged before the justice of the peace, and upon which a warrant was based for assault and battery, defendant was arrested for committing such offense against prosecutor.

A hearing was given defendant. By reference to the transcript filed in the cause upon which the indictment herein was drawn, we find only the following:

"Warrant issued to Chas. Dougherty on the 17th day of Feb. A. D. 1936, on oath of David Hurwitz.

"Defendant charged with assault and battery on the 14th day of Feb. A. D. 1936, in the Borough of Eddystone, County of Delaware and State of Pennsylvania, all within the past two years.

"And now, the 17th day of Feb. 1936 defendant brought in by Constable Dougherty. David Hurwitz sworn and says the defendant came in his store at 11th and Saville Ave. and brought in a twenty cents piece of ice and said I owed him forty cents and I said I payed him every day and he called me a Jew bastard and a son of bitch and then tore my apron and hit me in the face and also picked up a butcher knife.

"After hearing, defendant required to give bail in the sum of $500.00, conditioned for his appearance at the next term of Court."

A motion was made to quash the indictment after the grand jury passed upon the same, returning a finding of "Ignoramus" and placing the costs of prosecution upon the prosecutor, David Hurwitz.

Defendant was brought before us for sentence, when we inquired of the circumstances. We learned that the

grand jury exceeded its authority by trying the cause, rather than ascertaining if a prima facie case had been made out by witnesses heard before it and, if so, returning the indictment "True" and thus presenting defendant before a judge and petit jury for trial. We were at first inclined to return the bill of indictment for reconsideration by the grand jury, with further instructions as to their duty in this particular, when we examined the transcript and found the justice of the peace had failed to comply with the Act of May 27, 1919, P. L. 306, sec. 1, which provides:

"That in all cases of prosecutions for assault or assault and battery, the . . . justice of the peace . . . before whom such case is instituted, shall, before he binds any person so charged over to the court of quarter sessions . . . enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded."

This act of assembly was evidently passed to prevent abuses by magistrates in the return to court of trifling assault and battery cases.

It would seem to be admitted that the committing justice of the peace did not enter into the full hearing and investigation required by the act of assembly. It is the contention of the Commonwealth, however, that defendant, having entered bail, waived any informalities or errors in his arrest, hearing, and binding over for court. This would be true in the ordinary case where it has been held that the entry of a bond waives irregularities in the arrest, etc. In the present case, however, the act of assembly appears to have been passed for the purpose of protecting the quarter sessions court from being clogged with petty assault and battery cases that should never be returned to court. Under this view of the act of assembly, the act is not alone for the protection of defendant but is to prevent the return of improper cases.

We feel, therefore, that to sustain the indictment in the ordinary assault and battery case the transcript should show a compliance by the justice of the peace with the Act of 1919, supra. The justice of the peace in the present case not having complied with such act, it follows that the indictment is improperly before us and must be quashed. While there is no appellate court case directly in point, yet the following lower court cases would seem to sustain our action in the present case: Commonwealth v. Kastonovich, 16 Del. Co. 137, 140; Commonwealth v. Mainieri, 21 Luz. L. R. 107; Commonwealth v. Mellott, 30 Dist. R. 164; Commonwealth v. Hicks et ux., 8 D. & C. 735.

Our action in this respect is sustained by the recent case of Commonwealth v. Hooks, 25 Del. Co. 278, in which the writer said in substance, in a surety of peace case, that a justice's of the peace return of a surety of the peace case will be quashed unless it shows all of the jurisdictional facts required by the Act of March 18, 1909, P. L. 42: (1) That the justice suggested to the parties the propriety of compromising their differences; (2) that there was a full hearing and investigation of the facts; and (3) that there was actual danger of injury to prosecutor in body or estate, and that threats were made by defendant with intent to do harm to prosecutor.

On this principle we sustain the motion to quash and follow the very able opinion of Corson, J., in Commonwealth v. Detwiler, 24 D. & C. 360, wherein it was said that the Act of May 27, 1919, P. L. 306, requiring a justice of the peace before whom a prosecution for assault and battery is instituted to enter into a full hearing and investigation of the facts charged before binding defendant over to the court of quarter sessions, is intended not only to protect defendants but to prevent the court of quarter sessions from being burdened with unwarranted prosecutions; its provisions are therefore mandatory, and an indictment based on a magistrate's transcript which does not show compliance therewith must, therefore, be quashed.

And now, March 2, 1936, upon hearing of defendant's motion to quash the bill of indictment, etc., for the reasons given, we quash the said indictment and the return of the justice of the peace upon which it is founded.